**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2012

No. 11-40191
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TINA LYNN FOX,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CR-37-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Tina Lynn Fox appeals from her convictions of one count of conspiring to possess pseudoephedrine knowing, or having reasonable cause to believe, that it would be used to manufacture methamphetamine, and 32 counts of possession of pseudoephedrine with intent to manufacture methamphetamine. She argues that the evidence adduced at trial was not sufficient to support these convictions. She does not appeal from her conviction of one count of possession of methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40191

By moving generally for acquittal at the close of the Government's case and again at the close of all of the evidence, Fox preserved her sufficiency challenges for appellate review. *See United States v. Guerrero*, 169 F.3d 933, 938 (5th Cir. 1999); FED. R. CRIM. P. 29(a). Accordingly, we must determine "whether the evidence, when reviewed in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction, allows a rational fact finder to find every element of the offense beyond a reasonable doubt." *United States v. Gulley*, 526 F.3d 809, 816 (5th Cir. 2008) (internal quotation marks and citations omitted). Our review is "highly deferential to the verdict" and our "inquiry is limited to whether the jury's verdict was reasonable, not whether we believe it to be correct." *Id.* (internal quotation marks and citations omitted).

To convict Fox of conspiring to possess pseudoephedrine with intent to manufacture methamphetamine under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt that (1) an agreement existed between two or more persons to violate the narcotics laws, (2) Fox knew of the conspiracy and intended to join it, and (3) she voluntarily participated in the conspiracy. *See United States v. Cantwell*, 470 F.3d 1087, 1090 (5th Cir. 2006); *United States v. Johnston*, 127 F.3d 380, 401 (5th Cir. 1997). To prove possession with intent to manufacture, the Government was required to prove that Fox knowingly possessed pseudoephedrine either with intent to manufacture methamphetamine or with knowledge, or reasonable cause to believe, that the pseudoephedrine would be used to manufacture methamphetamine. *See* 21 U.S.C. § 841(c)(1) and (2). Further, Fox could be found guilty of possession with intent to manufacture based upon foreseeable acts of her co-conspirators that were committed in furtherance of, and that were the reasonably foreseeable consequences of, the conspiracy. *See United States v. Jimenez*, 509 F.3d 682, 692 & n.9 (5th Cir. 2007).

Contrary to Fox's mostly conclusory assertions, the evidence adduced by the Government at trial-- including, inter alia, pharmacy pseudoephedrine logs bearing the signature "Tina Fox" for each possession conviction as well as the testimonies of Agent Rodney Tandy, handwriting expert Kenneth Crawford, and co-conspirators Brad Boren, Stacy Cameron, and Heidi Beall evidencing both Fox's pseudoephedrine purchases and her involvement in the conspiracy-- provided ample support for her conviction beyond a reasonable doubt on all counts of conviction. *See Gulley*, 536 F.3d at 816.

Although Fox would have us do otherwise, we cannot speculate as to the jury's reasons for acquitting Fox on some charged counts. *See United States v. Partida* 385 F.3d 546, 564 (5th Cir. 2004). "Juries are free to return inconsistent verdicts, for whatever reason, provided their convictions are supported by adequate evidence." *United States v. Merida*, 765 F.2d 1205, 1220 (5th Cir. 1985).

To the extent that Fox argues that her witnesses were more credible than the Government's, the jury, rather than this court, has the sole discretion to make such credibility determinations. *See United States v. Moreno-Gonzalez*, 662 F.3d 369, 375 (5th Cir. 2011). Determining whether the signatures contained in the pharmacy logs matched samples of Fox's authentic signature was likewise within the jury's province. *United States v. Ismoila*, 100 F.3d 380, 388 (5th Cir. 1996). Although she offers up several alternative views of the evidence that would be consistent with her innocence, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Mann*, 493 F.3d 484, 492 (5th Cir. 2007).

Even if Fox is correct that her possession conviction on Count 47 was supported in part by a pharmacy log that was not properly verified, the jury was free to rely upon the log in question because, as Fox concedes, she failed to object to its admission into evidence. *See United States v. Yamin*, 868 F.2d 130, 135

No. 11-40191

(5th Cir. 1989). While Fox is correct that a ten-day discrepancy exists between the date that Count 47 was alleged to have been committed in the second superseding indictment and the date shown in the relevant log, this discrepancy does not undermine her conviction. *See United States v. Powers*, 168 F.3d 741, 746 (5th Cir. 1999).

Finally, to the extent that Fox asserts that the 1.44 grams of pseudoephedrine that she purchased at the Drug Emporium on October 28, 2008, should not have been included in determining her base offense level, she did not raise this argument in the district court, and she fails to show that the district court plainly erred by treating the purchase as relevant conduct. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995); U.S.S.G. § 1B1.3.

AFFIRMED.